UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| NANCY MURRAY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INVACARE CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 1:13-CV-01882<br><br>HON. DONALD C. NUGENT |

**ORDER AND FINAL JUDGMENT**

This Order and Judgment relates to the above-captioned action (the "Action") brought by Nancy Murray against Invacare Corporation ("Invacare" or the "Company") and certain individuals alleged to be fiduciaries[1] of the Invacare Retirement Savings Plan (the "Plan") for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

On August 26, 2013, the Action was filed. On September 12, 2014, the Second Amended Complaint (the "Complaint") was filed. The Court denied Defendants' motion to dismiss the Complaint on August 28, 2015. [Doc. 36]. Defendants subsequently moved to certify the Court's order to the Sixth Circuit Court of Appeals and to stay the Action pending any potential decision by the Sixth Circuit. [Doc. 40]. Before the Court decided the motion, the Parties[2]

---

[1] Gerald B. Blouch, A. Malachi Mixon, III, Patricia Stumpp, Dale C. LaPorte, Michael F. Delaney and Charles S. Robb (the "Individual Defendants") collectively with Invacare are the "Defendants."

[2] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation and Settlement Agreement, dated July 21, 2016 (the "Settlement Agreement").

informed the Court that they had agreed to mediate and jointly moved the Court to stay all proceedings pending the outcome of such mediation. [Doc. 47]. On November 13, 2015, the Court granted the Parties' motion to stay proceedings pending mediation.

On April 21, 2016, the Parties conducted mediation with Michael Dickstein and came to an agreement in principle to settle the Action. On July 21, 2016, the Parties entered into the Settlement Agreement. The Settlement Agreement was filed with the Court on July 21, 2016. On August 1, 2016, the Court entered its Preliminary Approval Order. A hearing was held on December 13, 2016 (the "Final Approval Hearing") to: (i) determine whether the Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure; (ii) determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court; (iii) determine whether the release by the Settlement Class of the Plaintiff's Released Claims, as set forth in the Settlement Agreement, should be provided to the Plaintiff's Released Parties; (iv) determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court; (v) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (vi) consider the application for a Case Contribution Award for Named Plaintiff Nancy Murray; (vii) determine whether a Final Approval Order and Judgment substantially in the form of Exhibit 2 to the Settlement Agreement should be entered, which would, among other things, dismiss the Action with prejudice; and (viii) rule upon such other matters as the Settlement contemplates and as the Court may deem just and proper.

The Settlement was reviewed by Nicholas L. Saakvitne, Esq., principal of Nicholas L. Saakvitne, a Law Corporation, as an Independent Fiduciary on behalf of the Plan in accordance with Section 2.2 of the Settlement Agreement. The Independent Fiduciary has issued a report,

filed with the Court, which (i) approves the Settlement; (ii) grants a written release of Plaintiffs' Released Claims to Plaintiffs' Released Persons on behalf of the Plan that conforms to the Plan's release under Section 3.1 of the Settlement Agreement; and (iii) authorizes the Settlement in accordance with PTCE 2003-39.

The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that the mailing of the Mail Notice and publication of the Longform Notice in accordance with the Preliminary Approval Order has occurred;

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiff, all members of the Settlement Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. Based on the findings in its August 1, 2016 Preliminary Approval Order and the submissions in support of the Settlement, the Court re-certifies the following class (the "Settlement Class") under Fed. R. Civ. P. 23(b)(1):

> All Persons (excluding the Defendants and their Immediate Family Members) who were participants in or beneficiaries (including alternate payees) of the Plan at any time during the Class Period and whose individual Plan accounts included investment in the Invacare Stock Fund at any point during that time period.

3. The Named Plaintiff Nancy Murray is an adequate class representative of the Settlement Class and, therefore, the Court re-appoints Nancy Murray as class representative for the Settlement Class.

4. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying, investigating, and litigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law and, in

3

particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the Class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court re-appoints Harwood Feffer LLP as Class Counsel for the Settlement Class.

5. In accordance with the Court's Preliminary Approval Order, proper and adequate notice was given to all Settlement Class Members who could be identified with reasonable effort. The form and content of Class Notice, and the method of notifying the Settlement Class of the Settlement and its terms and conditions, (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to notice; (b) met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law; and (c) constituted the best notice practicable under the circumstances. Class Counsel has filed with the Court proof of mailing of the Class Notice. Defense Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

6. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in substantial motion practice and extensive negotiations, which included the exchange of relevant information concerning the Settlement Class's potential damages in the event they prevailed in the Action. Class Counsel and Defense Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

7. The Settlement was intended by the Parties to be a contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

8. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(2) because it is fair, reasonable and adequate to the Settlement Class and others whom it affects based upon: (1) the Plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (5) the nature of the negotiations producing the settlement; (6) the reaction of the Settlement Class; and (7) whether the settlement is consistent with the public interest.

9. The Settlement is hereby APPROVED as fair, reasonable and adequate to the Settlement Class, and in the public interest. The Parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

10. The Court having certified the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class Members shall be bound by the Settlement.

11. The Plan of Allocation is hereby APPROVED as fair, reasonable and adequate. Upon or after the Effective Date of the Settlement, the Settlement Administrator shall direct the Financial Institution to release the Net Settlement Fund to the Plan Trustee for distribution to the Settlement Class Members in accordance with the Plan of Allocation, subject to any amounts withheld for the payment of taxes and related expenses as authorized in the Settlement Agreement, and attorneys' fees and expenses and Case Contribution Award to Named Plaintiff Nancy Murray as authorized by this Order and Judgment. The Court finds payments and

distributions made in accordance with such Plan of Allocation to be "restorative payments" as defined in IRS Revenue Ruling 2002-45. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Order and Judgment and shall be considered separate from this Order and Judgment.

12. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. A Case Contribution Award of $_____ is awarded to class representative Nancy Murray. Such award is payable from the Class Settlement Amount to the class representative subject to the terms, conditions, and obligations of the Settlement Agreement.

14. Class Counsel is hereby awarded $_____ in fees and $_____ in reimbursement of expenses, which amounts the Court finds to be fair and reasonable. These attorneys' fees and expenses are payable from the Class Settlement Amount to Class Counsel subject to the terms, conditions, and obligations of the Settlement Agreement.

15. As required by Fed. R. Civ. P. 23(h)(3), in making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a) The Settlement created a fund of $1.4 million in cash and that numerous Settlement Class Members will benefit from the Settlement;

(b) Over 1,400 copies of the Mail Notice were disseminated to putative Settlement Class Members indicating that Class Counsel were moving the Court to award attorneys' fees from the Class Settlement Amount in an amount not to exceed one-third (33⅓%) of the Class Settlement Amount and for reimbursement of their expenses in the approximate amount of $27,000, and [_____] Objections were filed against the terms of the proposed

6

Settlement or the fees and expenses requested by Class Counsel contained in the Mail Notice and Longform Notice;

(c) Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involved complex factual and legal issues and has been actively prosecuted over more than three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiff and the Settlement Class may have recovered less or nothing from the Defendants;

(f) Class Counsel and their local counsel have devoted over 880 hours, with a lodestar value of approximately $559,000.00, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed are fair and reasonable and consistent with awards in similar cases.

16. The Court retains jurisdiction over the Action, the Parties, the Plan, and Settlement Class Members for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and of this Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to members of the Settlement Class.

17. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. Upon the Effective Date of the Settlement, the Named Plaintiff, the Plan, and the Settlement Class Members, on behalf of themselves and their respective, heirs, beneficiaries, executors, administrators, past and present partners, agents, attorneys, trustees, predecessors, Successors-In-Interest, and assigns (in their capacities as such), with respect to any of Plaintiff's Released Claims, forever release and discharge Plaintiff's Released Persons and are forever enjoined from prosecuting Plaintiff's Released Claim against any of Plaintiff's Released Persons and covenant not to sue any of Plaintiff's Released Persons with respect to any of Plaintiff's Released Claims.

19. Upon the Effective Date of the Settlement, Defendants forever release and discharge and are forever enjoined from prosecuting Defendants' Released Claims against Defendants' Released Persons.

20. All counts asserted in the Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

21. Under no circumstances shall this Order and Judgment, the Settlement Agreement and its exhibits, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach or liability. Nor shall this Order and Judgment, the Settlement Agreement and its exhibits, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against the Named Plaintiff or the Settlement Class Members that the claims asserted or relief requested in the Action lack merit, or

is inappropriate, improper or unavailable, or as a waiver by any of the Parties or Settlement Class Members of any defense or claims he, she or it may have with respect to the Action.

22. If the Effective Date of the Settlement does not occur, this Order and Judgment shall be null and void and shall be vacated *nunc pro tunc*, and paragraph 9.2 of the Settlement Agreement shall govern the rights of the Parties thereto.

23. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and extensions, modifications, and expansions of the Settlement as are consistent with this Order and Judgment and that do not limit the rights of members of the Settlement Class.

SO ORDERED this 13th day of December, 2016.

_____
The Honorable Donald C. Nugent
United States District Judge